IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| THE AUTOBARN, INC., *et al.*, | * |   |
| *Plaintiffs,* | * |   |
| v. | * | Civil Action No. RDB-22-3374 |
| WAMPOLE-MILLER, INC., | * |   |
| *Defendant.* | * |   |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On December 7, 2022, Plaintiffs the Autobarn, Inc. ("Autobarn") and Autobarn's owner, operator, and President Thomas Showalter ("Showalter") (collectively, the "Plaintiffs") brought suit for quantum meruit and breach of contract against Defendant Wampole-Miller, Inc.[1] ("Defendant" or "Wampole-Miller"). (*See* Complaint, ECF No. 9.) Plaintiffs' claims stem from a May 24, 2022 accident (the "accident") in Baltimore, Maryland that involved multiple tractor trailers, including one truck owned by Wampole-Miller (the "truck"), which was recovered and towed away by Autobarn upon the direction of Maryland Transportation Authority ("MDTA") police responding to the scene, as the truck's driver was severely injured in the crash and unable to give instructions for its recovery. Subsequently, Autobarn requested payment from Wampole-Miller, which Wampole-Miller allegedly refused. Since the accident, Autobarn has retained possession of the truck in its storage lot.

---

[1] Plaintiffs' Complaint (ECF No. 9) also named the Defendant company's owner, Harry B. Miller, III ("Miller") as a defendant. On July 11, 2023, this Court dismissed with prejudice Plaintiffs' claims against Miller pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. (ECF No. 31.)

On June 12, 2023, Defendant Wampole-Miller filed a Motion for a Writ of Replevin. (ECF No. 20.) Plaintiffs opposed Defendant's motion in writing, (ECF No. 25), and Defendant replied, (ECF No. 29). On July 11, 2023, this Court held a hearing to address the replevin issue. For all of the reasons set forth on the record at the hearing and discussed herein, this Court shall issue a writ of replevin, directing Autobarn to return the truck to Wampole-Miller upon the filing with the Court of a $55,000 security bond.

## BACKGROUND

On December 7, 2022, Plaintiffs Autobarn and Showalter commenced the instant action, filing their Complaint against Defendant Wampole-Miller. (ECF No. 9.) In their Complaint, Plaintiffs allege that Defendant contracted with Plaintiffs for the provision of vehicle removal services and subsequently breached the alleged contract. (*Id.* ¶ 7.) Specifically, Plaintiffs allege that Wampole-Miller is liable to them for unpaid amounts due to Autobarn as a result of this contract and/or agreement between Wampole-Miller and Plaintiffs. (*Id.* ¶¶ 20, 27–28.)

On June 12, 2023, Defendant Wampole-Miller filed the instant Motion for a Writ of Replevin (ECF No. 20). Plaintiffs oppose Wampole-Miller's Motion (ECF No. 25), and Wampole-Miller has replied, (ECF No. 29). On July 11, 2023, this Court held a hearing to address the replevin issue. The following facts appear to be undisputed.

On May 24, 2022, a truck owned by Wampole-Miller and driven by its employee was involved in a traffic accident involving multiple tractor trailers in the Fort McHenry Tunnel on I-95 in Baltimore, Maryland. (ECF No. 9 ¶ 8.) The crash resulted in damage to Maryland Transportation Authority property and severe injuries to the truck's driver. (*Id.*) MDTA police

responding to the scene contacted Autobarn to perform the recovery and towing of the affected vehicles, including the truck belonging to Wampole-Miller, as its driver was unable to give instructions for its recovery due to his injuries. (*Id.* ¶ 9.)

Subsequent to its recovery efforts, Autobarn requested payment from Wampole-Miller, which was allegedly refused. (*Id.* ¶¶ 18, 28.) Wampole-Miller alleges, and Plaintiffs do not dispute, that it refused payment pending receipt of "clarification and details regarding what services were actually provided and included in the [invoice]," as the invoice requesting payment included "an invoice with a lump sum for 'recovery services' and no itemization or detail on what services were rendered to Wampole-Miller." (ECF No. 29 at 3.) Since the May 24, 2022 accident, Autobarn has retained possession of Wampole-Miller's truck in its storage lot. (ECF No. 20 ¶ 6.) On May 26, 2022, Wampole-Miller received an email from an Autobarn employee that provided "[t]he police hold has been removed from your unit." (Ex. 1, ECF No. 29-2.) Sometime thereafter, Wampole-Miller requested that the truck be transferred out of Autobarn's storage lot, and Plaintiffs refused, but continue to claim that they are owed an additional $90 per day in fees for continuing to store the truck. (*See* ECF Nos. 20, 29.)

In sum, both sides agree that Wampole-Miller's truck had to be removed from the scene of the accident; Autobarn did the work; Wampole-Miller has refused to pay; and, in turn, Autobarn has refused to return the truck.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 64 recognizes replevin as a remedy available in federal court which is governed by the applicable State's law. *Crete Carrier Corp. v. Sullivan & Sons, Inc.*,

3

No. CV ELH-21-328, 2021 WL 2685253, at *5 (D. Md. June 30, 2021). In Maryland, "replevin allows '[a] person claiming the right to immediate possession of personal property [to] file an action for possession before judgment.'" *IFAST, Ltd. v. All. for Telcoms. Indus. Sols., Inc.*, CCB-06-2088, 2007 WL 3224582, at *10 (D. Md. Sept. 27, 2007) (citation omitted).

Maryland Rule 12-601, titled "Possession of Personal Property Before Judgment — Replevin," provides that a party "claiming the right to immediate possession of personal property may file an action . . . for possession before judgment . . . in the District Court." *Id.* at (a). The action must be prosecuted against "the person who has possession of the property at the time the complaint is filed" and if possession changes during the pendency of the action, the person who "obtains possession . . . shall be joined as a defendant." *Id.* at (b). The complaint shall describe the property and its value; allege that the defendant "unjustly detains the property;" state a claim for the return of the property; and state "any claim for damages to the property or for its detention." *Id.* at (c). The District Court shall hold a hearing not less than seven days after notice to the defendant and, if the court determines that the plaintiff is entitled to possession before judgment, "shall order issuance of a writ directing the sheriff to place the plaintiff in possession of the property[.]" *Id.* at (g).

A claimant's success in a replevin action "'depends entirely on his right to possession.'" *Dehn Motor Sales, LLC v. Schultz*, 96 A.3d 221, 237 (2014) (citation omitted). The same is true of a defendant's—or in this case, the Plaintiffs'—ability to defeat a replevin claim. *See id.*; *see also Furda v. State*, 997 A.2d 856, 872 n.17 (Md. 2010) ("Replevin is appropriate 'in all cases where the object of the suit is to recover possession of specific goods and chattels, to the

possession of which the plaintiff claims to be entitled at the time of instituting the suit.'") (citation omitted).

## ANALYSIS

Regarding the truck itself, Wampole-Miller contends that (1) it is entitled to its possession as the truck's owner, and (2) by retaining possession, Autobarn breaches its duty to mitigate damages under contract law. (*See* ECF No. 20.) Plaintiffs oppose Wampole-Miller's replevin motion, asserting the truck was left unattended and Maryland law authorizes police to impound vehicles and designate them to permittees such as Autobarn, who may then impose towing and recovery charges on the original owner or operator of the subject vehicle. (*See* ECF No. 25.) They argue that "[Wampole-Miller] appears to be asking the court to issue an order, releasing an impounded vehicle, which in the present case, is clearly . . . within the province of the MDTA Police Department." (*Id.* at 3.) In its Reply, Wampole-Miller avers— and this Court agrees—that Plaintiffs incorrectly state that the truck is presently "impounded." (ECF No. 29; Ex. 1, ECF No. 29-2.)

As noted above, both sides agree that Wampole-Miller's truck had to be removed from the scene of the accident; Autobarn did the work; Wampole-Miller has refused to pay; and, in turn, Autobarn has refused to return the truck. The parties disagree as to whether the truck is presently impounded; and whether its release to Wampole-Miller is conditioned upon Defendant's full payment of the amount Plaintiffs argue that they are owed. Because a replevin action "'depends entirely on [] right to possession,'" *Dehn Motor Sales*, 96 A.3d at 237 (citation omitted), and neither party denies that Wampole-Miller is the truck's rightful owner, this Court need only consider whether the truck is presently impounded and what, if anything, Plaintiffs

are owed at this time.

Plaintiffs contend—and Defendant disputes—that the truck is presently impounded. Wampole-Miller alleges that it received an email from an Autobarn employee that provided "[t]he police hold has been removed from your unit" on May 26, 2022—two days after the accident. (Ex. 1, ECF No. 29-2.) While this Court is wary of accepting a single email as proof that the impoundment has been lifted, Plaintiffs have not presented any evidence to the contrary. Instead, Plaintiffs point to § 11.07.03.14(B) of the Code of Maryland Regulations ("COMAR"), which provides that "[a] permittee may not release an impounded vehicle . . . unless the law enforcement agency that impounded the vehicle authorizes the release in writing." Under COMAR § 11.07.03.13:

> [i]f the operator or owner of a disabled vehicle is absent or unable to give instructions for the disposition of the disabled vehicle . . . the police shall impound the vehicle and direct a permittee to remove the vehicle from [MDTA] Authority property and tow it to the permittee's vehicle storage facility.

Here, the truck's operator suffered serious injuries and was absent and unable to give instructions for the disposition of the disabled truck. While Autobarn is correct that the truck was impounded and then designated to them as a permittee of the MDTA, (ECF No. 25), merely citing to COMAR—without more—is unconvincing. As such, this Court finds that no impoundment order still exists.

Plaintiffs further argue that COMAR § 11.07.03.14(B) entitles Autobarn to payment before it is required to release the truck to Wampole-Miller. In relevant part, COMAR § 11.07.03.14(B) provides that "[t]he permittee *shall* be authorized to recover the costs of towing and storage from the owner or other legally authorized claimant before releasing the impounded vehicle and personal property." (emphasis added). In short, Plaintiffs argue that

6

Wampole-Miller *must* pay Autobarn prior to the return of the truck. The Court will not adopt such a reading of COMAR § 11.07.03.14(B). Nevertheless, in the interest of equity, this Court finds that Autobarn should be provided with a measure of security for at least the costs of recovery and towing services provided related to Wampole-Miller's truck. Accordingly, the Court will implement similar steps taken by Judge Hollander of this Court in the *Crete* case by ordering that Autobarn conditionally release the truck to Wampole-Miller.

At the July 11, 2023 hearing, Plaintiffs represented to this Court that they estimate that Defendant owes them approximately $54,600 in towing and recovery charges alone. This Court will not decide on the merits of the other charges today, and therefore grants the Writ of Replevin on the following conditions:

1. That the Defendant obtain a bond in the amount of $55,000, to be held until the disposition of this matter by judgment;

2. That the Defendant remove the truck using its own agents, servants, employees, equipment, vehicles, and materials, at its own cost, and within 30 days of this Memorandum Opinion and Order;

3. That before such agents, servants, or employees of the Defendant begin any removal activity, they present satisfactory proof of insurance coverages at or exceeding the state minimal coverage of Workers' Compensation Insurance for each individual entering the premises of the Plaintiffs; General Liability Insurance for any person or entity performing any work within the premises of the Plaintiffs; and Automobile Liability Insurance for any vehicles carrying away any part(s) of the truck; and

4. That the Defendant execute a satisfactory Hold Harmless and Indemnification Agreement concerning any injuries or losses occurring out of the activity of the Defendant, its agents, servants, and employees, upon the premises of the Plaintiffs.

## CONCLUSION

For all of the reasons set forth on the record at the July 11, 2023 hearing and stated above, this Court shall issue a writ of replevin, directing Autobarn to return the truck to Wampole-Miller upon filing with the Court a $55,000 security bond.

A separate Order follows.


Dated: July 13, 2023

                                          /s/
                                    Richard D. Bennett
                                    United States District Judge